# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50443 | **DATE** | 2/5/2003 |
| **CASE TITLE** | | LG Seeds vs. Wilson | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, LG Seeds' motion for summary judgment is granted. The court finds LG Seeds is entitled to an award against both Tom D. and Margaret Wilson in the amount of $857,214.57, plus finance charges and its attorney's fees and costs, as set forth in the 1993 dealership agreement. The parties shall make a good faith attempt to stipulate to these latter amounts for purposes of entering a final judgment. Such stipulation shall be filed by Wednesday, February 26, 2003. If the parties are unable to so stipulate, counsel shall appear before Judge Reinhard at a status hearing at 9:00 a.m. on February 26, 2003.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| X | Notices mailed by judge's staff. | | | FEB - 7 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | CLERK U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 FEB -6 PM 3: 47 | | 2-7-03 | |
| | | | | date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, LG Seeds, a division of Agreliant Genetics LLC ("LG Seeds"), has filed a two-count amended complaint against Tom D. and Margaret Wilson, for breach of contract. As LG Seeds is a Delaware corporation with its principal place of business in Indiana, the Wilsons are both Illinois citizens, and the amount in controversy exceeds $75,000, diversity jurisdiction is proper based on 28 U.S.C. § 1332. Before the court is LG Seeds' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

By letter, counsel for the Wilsons has informed the court his clients will not be filing any response to LG Seeds' motion, thereby admitting all of the facts set forth in LG Seeds' LR 56.1(a) statement that are supported by the record and effectively conceding liability on both counts of the amended complaint. For completeness' sake, the court nevertheless will briefly review the relevant facts.

On December 15, 1993, Tom Wilson entered into a written agreement with Callahan Seeds (LG Seeds' predecessor in interest) to become a dealer of its seed products. Margaret Wilson signed a personal guaranty for all sums due and owing under that agreement. The dealership agreement also required the Wilsons to pay for any sums, including attorney's fees and court costs, expended by Callahan Seeds to collect any amounts left unpaid under the contract. Finally, the dealership agreement provided for a finance charge of two percent per month on all sums not paid when due.

With money due and owing under the dealership agreement, Tom Wilson signed another agreement and a promissory note on June 27, 2000 in which he agreed to pay LG Seeds the amount he believed to be outstanding at the time ($296,675.71). Wilson's failure to comply with the payment schedule contained within the promissory note entitled LG Seeds to recover the amount reflected as past due in Wilson's records ($574,334.57). LG Seeds has received only one payment in the amount of $10,000 pursuant to the June 2000 agreement and promissory note thus far, which is much less than what the payment schedule requires. Finally, Wilson has outstanding and past due balances on purchases he made subsequent to the written agreement in the amount of $292,880.

Once again, the Wilsons do not all dispute the validity of these agreements, what they mean, or that they have breached them by not making the necessary payments.

For the reasons stated above, LG Seeds' motion for summary judgment is granted. Judgment shall be entered in favor of LG Seeds and against both Tom D. and Margaret Wilson on Count I in the amount of $564,334.57, which represents the outstanding balance prior to, and specified in, the June 2000 agreement, minus the $10,000 payment received. Judgment shall also be entered in favor of LG Seeds and against both Tom D. and Margaret Wilson on Count II in the amount of $292,880.00, which represents the amount owing subsequent to the June 2000 agreement. LG Seeds shall also be entitled to an award of finance charges and its attorney's fees and costs, as set forth in the 1993 dealership agreement. The parties shall make a good faith attempt to stipulate to these amounts. If the parties are unable to stipulate to the amount of attorney's fees and costs, they shall proceed under Local Rule 54.3.